FULMER, Judge.
Adrian Watts appeals his revocation of probation and his sentence of sixty months’ imprisonment. Because the record does not reflect fundamental error in the conviction and the trial court did not abuse its discretion in denying Watts’s motion for a continuance, we affirm the revocation. However, because the written sentencing memorandum does not reflect the orally pronounced credit for time served, *747 we remand for clarification of the appropriate credit.
In sentencing Watts on September 14, 1998, the trial court orally stated:
I will sentence him to 60 months in the Department of Corrections. I will give him credit for the time that he served ... as a special condition of his probation and also any time in custody. I believe he said from May 22nd, 1998. Give him credit for that.
The sentencing documents allow Watts credit for 121 days but do not appear to give him credit for the time served in jail originally, as a special condition of probation. Therefore, we remand to the trial court to clarify the appropriate credit for time served. See Vasquez v. State, 748 So.2d 1092 (Fla. 4th DCA 2000) (defendant is entitled to credit for all time spent in jail prior to sentencing).
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and STRINGER, J., Concur.